UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA S. CHAPMAN, | Case No. 2:26-cv-01184-DC-CSK (PS) |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 1, 2) |
| TRANSUNION LLC; GOLDMAN SACHS BANK USA, | |
| Defendants. | |

Plaintiff Veronica S. Lee-Chapman is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

**I.      SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the Court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

II.   THE COMPLAINT

Plaintiff brings this action against Defendants TransUnion LLC and Goldman Sachs Bank USA alleging the following violations of the Fair Credit Reporting Act: (1) 15 U.S.C. § 1681c-2 against Defendant TransUnion, based on a failure to block the reporting of information resulting from an alleged identity theft; (2) 15 U.S.C. § 1681i against Defendant TransUnion, based on a failure to reasonably reinvestigate disputed

2

information; and (3) 15 U.S.C. § 1681s-2(b) against Defendant Goldman Sachs, based on a failure to reasonably investigate disputed reporting inaccuracies. *See* Compl. at 4-5 (ECF No. 1).

Plaintiff alleges that, in January 2025, she discovered a fraudulent credit account had been opened with Defendant Goldman Sachs under her name as a result of identity theft. *Id.* at 2. Plaintiff alleges she submitted an identity-theft dispute to Defendant TransUnion containing a request to block the reporting of the information pursuant to 15 U.S.C. § 1681c-2. *Id.* at 2-3. Plaintiff alleges she included the following items in her dispute and request to block: "FTC Identity Theft Report," "Police Report," "Notarized Affidavit," "Government-issued ID," and "Proof of address." *Id.* Plaintiff alleges that Defendant TransUnion received and reviewed this documentation but "failed and refused to block the fraudulent account." *Id.* at 3.

Plaintiff attached various documents to her Complaint. One is a document titled, "Affidavit of Truth Regarding Identity Theft," which is addressed to Defendant TransUnion as well as Equifax and Experian. (ECF No. 1 at 22-24.) The Affidavit lists several financial accounts, including that identified in the Complaint's allegations as "Apple Card / Goldman Sachs Bank USA [. . .]" and states that Plaintiff "did not open, authorize, or benefit from the following credit accounts that are now reported under my name." Compl. at 2, (ECF No. 1 at 22). The Affidavit indicates that Plaintiff appended to it her "Government-issued ID," "Proof of current address," "Credit report(s) reflecting the disputed accounts," and two "FTC Identity Theft Reports." (ECF No. 1 at 24.) The Affidavit is dated April 25, 2025. *Id.* Plaintiff alleges that Defendant TransUnion failed to block the information she identified as resulting from identity theft within four business days. Compl. at 4.

Plaintiff further alleges she submitted a CFPB complaint each against Defendant TransUnion and Defendant Goldman Sachs, which "placed Defendants on actual notice of the identity theft and dispute." *Id.* at 3. Plaintiff further alleges that Defendant TransUnion "contacted Goldman Sachs Bank USA to verify the account." In the attached

3

copy of Plaintiff's CFPB complaint against Defendant TransUnion, TransUnion appears to indicate that it had notified Defendant Goldman Sachs of the dispute, identifying the account with Goldman Sachs ("APPLE CARD GS BANK USA") under dispute. (ECF No. 1 at 10 (stating under "Company's Response" heading that "we investigated the information by contacting the creditors to verify the accuracy of the information")). However, Plaintiff alleges that Defendant Goldman Sachs "verified the account as accurate despite clear evidence of identity theft" and "failed to conduct a reasonable investigation." Compl. at 3. Plaintiff alleges "[t]he fraudulent account continues to be reported." *Id.* Plaintiff alleges harm in the forms of damage to her credit, emotional stress, and denial of credit opportunities. *Id.* at 3-4, 5.

**III.    DISCUSSION**

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, regulates credit reporting agencies to guarantee that consumer information is assembled, evaluated, and disseminated with "fairness, impartiality, and a respect for the consumer's right to privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting 15 U.S.C. § 1681(a)(4)). The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In addition to regulating credit reporting agencies, the "FCRA imposes duties on the credit furnishers, which are the sources that provide information to credit reporting agencies, to ensure accurate credit reporting." *Arnold v. Bay Finance Co.*, 2023 WL 2088460, at *5 (E.D. Cal. Feb. 17, 2023).

The FCRA imposes different penalties depending on the state of knowledge in which the violation occurred. A consumer reporting agency or credit furnisher that negligently violates its obligations to a consumer under the FCRA is liable to the consumer for the consumer's actual damages, plus costs and attorney's fees. 15 U.S.C. § 1681o. "'Negligence' is 'the failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation . . .'" *Moran v. Screening*

4

*Pros, LLC*, 2020 WL 4724307, at *5 (C.D. Cal. July 30, 2020) (quoting Black's Law Dictionary (11th ed. 2019)). A consumer reporting agency or credit furnisher that willfully violates its obligations to a consumer under the FCRA is liable to the consumer for the consumer's actual damages, costs and attorney's fees, and, potentially, punitive damages. 15 U.S.C. § 1681n. "A FCRA violation is willful if it is made either knowingly or with reckless disregard for the requirements imposed under the Act." *Moran*, 2020 WL 4724307, at *4 (citing *Safeco*, 551 U.S. at 56-60). An entity under the FCRA acts in "reckless disregard" where its actions involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (quoting *Safeco*, 551 U.S. at 68). However, "[a] plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

**A.      Claims Under 15 U.S.C. § 1681c-2**

15 U.S.C. § 1681c-2 requires a credit reporting agency to block reported information in a consumer's file that the consumer has identified as resulting from identify theft. 15 U.S.C. § 1681c-2. A credit reporting agency has a duty to block information after receiving:  "(1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information related to any transaction by the consumer." 15 U.S.C. § 1681c-2(a); *see Nicoletta v. Experian Info. Sols.*, 2024 WL 5046469, at *2 (E.D. Cal. Nov. 19, 2024) (holding that plaintiff stated claim under 15 U.S.C. § 1681c-2 where plaintiff attached copy of letter allegedly sent to defendant TransUnion, in which the letter identified the disputed account, indicated that copies of driver's license and identity theft reports were enclosed, and stated plaintiff was victim of identity theft).

Here, Plaintiff adequately states a claim against Defendant TransUnion under section 1681c-2. Plaintiff alleges that she alerted Defendant TransUnion to the existence

of a fraudulent bank account that she stated was the result of identity theft. Compl. at 2. In support of this allegation, Plaintiff attached an "Affidavit of Truth Regarding Identity Theft," which is addressed to Defendant TransUnion, identifies an account that was allegedly fraudulently opened under the label "Apple Card / Goldman Sachs Bank USA [. . .]," and states that Plaintiff "did not open, authorize, or benefit from the following credit accounts that are now reported under my name." (ECF No. 1 at 22.) The Affidavit further indicates that Plaintiff appended to it her "Government-issued ID," "Proof of current address," "Credit report(s) reflecting the disputed accounts," and two "FTC Identity Theft Report[s]." *Id.* at 24. Plaintiff alleges that Defendant TransUnion failed to block the information she identified as resulting from identity theft within four business days. Compl. at 4. Thus, the Court finds that for screening purposes Plaintiff has stated a claim for violation of 15 U.S.C. § 1681c-2. *See Nicoletta*, 2024 WL 5046469, at *2.

**B.      Claims Under 15 U.S.C. § 1681i**

"[15 U.S.C. § 1681i] provides that consumer reporting agencies such as [TransUnion] must 'conduct a reasonable reinvestigation' when an item in the consumer's credit file 'is disputed by the consumer and *the consumer notifies the agency directly* . . . of such dispute.'" *Warner v. Experian Information Solutions, Inc.*, 931 F.3d 917, 920 (9th Cir. 2019) (emphasis in original) (citing 15 U.S.C. § 1681i(a)(1)(A)).

Here, Plaintiff fails to state a claim against Defendant TransUnion under § 1681i. Plaintiff makes what amounts to conclusory allegations that Defendant TransUnion failed to conduct a reasonable reinvestigation. Compl. at 4. For example, Plaintiff alleges that Defendant TransUnion was "on actual notice of the identity theft and dispute," yet "failed and refused to block the fraudulent account" and "instead relied on automated verification procedures." *Id.* at 3. Plaintiff's brief allegation that Defendant TransUnion "contacted Goldman Sachs Bank USA to verify the account" fails to clarify the nature of Defendant TransUnion's reinvestigation or the reasonableness thereof. *Id.* Under the heading "Count II," Plaintiff alleges that "TransUnion failed to conduct a reasonable reinvestigation. . . . relied solely on creditor verification. . . . ignored Plaintiff's

6

documentation. . . . [and] continued reporting inaccurate information," and that "[t]hese actions were willful and/or negligent." *Id.* at 4. These allegations are likewise conclusory.[2] *See Iqbal*, 556 U.S. at 678; *Wilson v. Experian Info. Sols., Inc.*, 2025 WL 1663287, at *3 (E.D. Cal. June 12, 2025) (holding that plaintiff failed to state section 1681i claim because "plaintiff's conclusory allegations that Experian failed to conduct a reasonable investigation and acted willfully are not enough to state a claim"); *Gonzalez v. Equifax Info. Servs., LLC*, 2026 WL 145700, at *2 (E.D. Cal. Jan. 20, 2026) (holding that plaintiff failed to state FCRA claim because "Plaintiff's interactions with Defendants are not clearly alleged" and "Plaintiff alleges in entirely conclusory manner that Defendants 'failed to reinvestigate disputes'").

For these reasons, Plaintiff's 15 U.S.C. § 1681i against TransUnion is subject to dismissal. Because Plaintiff may be able to state a claim under section 1681i, the Court grants Plaintiff leave to amend her Complaint to the extent Plaintiff is able to allege a viable claim against Defendant TransUnion for violating section 1681i. Accordingly, Plaintiff's claim against Defendant TransUnion under 15 U.S.C. § 1681i is dismissed with leave to amend. *See Lopez*, 203 F.3d at 1130-31.

**C.    Claims Under 15 U.S.C. § 1681s-2**

15 U.S.C. § 1681s-2 establishes the "[r]responsibilities of furnishers of information to consumer reporting agencies." 15 U.S.C. § 1681s-2. As the Ninth Circuit has summarized,

> Section 1681s–2(b) imposes . . . obligations [upon furnishers of information that] are triggered "upon notice of dispute"—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRAs promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s–

---

[2]   Presumably in support of these allegations, Plaintiff appends to her Complaint, among other things, copies of her CFPB complaints to Defendants TransUnion and Goldman Sachs. (ECF No. 1 at 7-21.) It is not immediately apparent to the Court whether these attachments establish a reasonable inference of unlawful conduct under section 1681i. *See Flores v. Missouri Higher Educ. Loan Auth.*, 2025 WL 2432449, at *4 n.3 (E.D. Cal. Aug. 22, 2025) ("The Court need not sift through many pages of documents to find claims for a party.") (internal citations omitted).

2(b) provides that, after receiving a notice of dispute, the furnisher shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) ...;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information ...; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) ... (i) modify ... (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs].

§ 1681s–2(b)(1). These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). To state a claim under section 1681s-2(b), "plaintiffs must allege that they had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute." *Marsh v. Freedom Mortg. Corp.*, 2024 WL 279131, at *3 (E.D. Cal. Jan. 25, 2024) (quoting *Matracia v. JP Morgan Chase Bank, N.A.*, 2011 WL 5374776, at *3 (E.D. Cal. Nov. 4, 2011)).

Here, the Court finds that Plaintiff states a claim under section 1681s-2(b) against Defendant Goldman Sachs. Plaintiff alleges that she contacted Defendant TransUnion to dispute an account opened with Goldman Sachs in Plaintiff's name as fraudulently opened as the result of identity theft. Compl. at 2. Plaintiff alleges that Defendant TransUnion notified Defendant Goldman Sachs of the foregoing dispute. *Id.* at 3. In the attached copy of Plaintiff's CFPB complaint against Defendant TransUnion, TransUnion appears to confirm that it had notified Defendant Goldman Sachs of the dispute, identifying the account with Goldman Sachs ("APPLE CARD GS BANK USA") under

8

dispute. (ECF No. 1 at 10) (stating under "Company's Response" that "we investigated the information by contacting the creditors to verify the accuracy of the information"). Based on this information, the Court concludes that Plaintiff has sufficiently alleged that a consumer reporting agency, namely, Defendant TransUnion, notified Defendant Goldman Sachs of the disputed information. Lastly, Plaintiff alleges that, despite being notified of disputes regarding credit information, Defendant Goldman Sachs failed to take the remedial measures outlined in the statute when it "verified the account as accurate despite clear evidence of identity theft," and "[t]he fraudulent account continues to be reported." Compl. at 3. Taking these allegations together, Plaintiff states a claim because Plaintiff alleges that she "had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute." *Marsh*, 2024 WL 279131, at *3 (holding that plaintiffs stated claim under section 1681s-2(b) because plaintiffs alleged (1) defendant inaccurately reported information to credit reporting agency and plaintiff sent letter to reporting agency disputing the information, (2) credit reporting agency responded by letter that it notified the reporting company, referencing account information with defendant, and (3) defendant furnisher failed to take remedial measures to rectify inaccuracies). Thus, the Court concludes that for screening purposes Plaintiff states a claim against Defendant Goldman Sachs under 15 U.S.C. § 1681s-2(b).

### D.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under 15 U.S.C. § 1681i, the Court finds it appropriate to grant Plaintiff an opportunity to amend her Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of

deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

Plaintiff may proceed forthwith to serve Defendants TransUnion and Goldman Sachs and pursue Count I of her Complaint under 15 U.S.C. 1681c-2 and Count III of her Complaint under 15 U.S.C. 1681s-2(b) only, or she may delay serving any Defendant and attempt again to state cognizable claims against TransUnion under 15 U.S.C. § 1681i. If Plaintiff elects to proceed forthwith against Defendants TransUnion and Goldman Sachs as to Counts I and III, then within thirty days Plaintiff must so elect on the appended form. In this event, the Court will construe Plaintiff's election as consent to dismissal of her claim under Count II for violation of 15 U.S.C. § 1681i against Defendant TransUnion without prejudice. Under this option, Plaintiff does not need to file a First Amended Complaint.

Or, Plaintiff may delay serving any Defendant and attempt again to cure the deficiencies identified above. If Plaintiff elects to attempt to amend her complaint to cure the deficiencies identified above, she has thirty days to do so.

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally

guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filings in order to make the amended complaint complete. The amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff's 15 U.S.C. § 1681i claim against Defendant TransUnion LLC is dismissed with leave to amend. Within thirty days of service of this order, Plaintiff may amend her complaint to attempt to state additional cognizable claims against Defendant TransUnion. Plaintiff is not obligated to amend her complaint.

3.  The allegations in the Complaint are sufficient at least to state claims under 15 U.S.C. § 1681c-2 and 15 U.S.C. § 1681s-2(b) against Defendants TransUnion LLC and Goldman Sachs Bank USA. *See* 28 U.S.C. § 1915A. If Plaintiff chooses to proceed solely as to these claims, Plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe Plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

/ / /

/ / /

3.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  May 11, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, chap.1184.26

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERONICA S. CHAPMAN,

           Plaintiff,

    v.

TRANSUNION LLC; GOLDMAN SACHS BANK USA,

           Defendants.

No.  2:26-cv-01184-DC-CSK

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

_____      Plaintiff opts to proceed with her 15 U.S.C. § 1681c-2 claim against Defendant TransUnion LLC and 15 U.S.C. § 1681s-2(b) claim against Defendant Goldman Sachs Bank USA. Under this option, Plaintiff consents to dismiss her 15 U.S.C. § 1681i claim against Defendant TransUnion LLC without prejudice.

**OR**

\_\_\_\_\_      Plaintiff opts to file an amended complaint and delay service of process.

DATED:

            _____
            Plaintiff Veronica S. Lee-Chapman

13