UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA S. CHAPMAN,<br>Plaintiff,<br>v.<br>TRANSUNION LLC, et al.,<br>Defendants. | Case No. 2:26-cv-01184-DC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT TRANSUNION LLC FOR FAILURE TO PROSECUTE |

Plaintiff Veronica S. Lee-Chapman, proceeding without counsel, filed this action on March 30, 2026.[1] (ECF No. 1.) On May 29, 2026, the Court granted Plaintiff's motion to proceed in forma pauperis and directed Plaintiff to provide to the United States Marshal all information needed by the Marshal to effect service of process on Defendants TransUnion LLC and Goldman Sachs Bank USA, including all information required for proper service of summons under Federal Rule of Civil Procedure 4. 5/29/2026 Order (ECF No. 5). On August 6, 2026, summons was returned unexecuted as to Defendant TransUnion LLC. (ECF No. 11.) On September 29, 2026, the Court ordered Plaintiff to submit a revised USM-285 form to the United States Marshal to effect service of process on Defendant TransUnion LLC, and to file a statement with the Court

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

indicating her compliance, by October 16, 2026. 9/29/2026 Order (ECF No. 13). Plaintiff did not respond to the Court's September 29, 2026 order. On October 27, 2026, the Court issued an order to show cause why this action should not be dismissed as to Defendant TransUnion LLC for failure to prosecute, providing Plaintiff fourteen days to respond in writing. 10/27/2026 Order to Show Cause (ECF No. 14). Plaintiff was warned that "[f]ailure to respond to this order will result in a recommendation to dismiss this action as to Defendant TransUnion LLC for failure to prosecute." *Id.* As of November 17, 2026, Plaintiff has not responded to the Court's October 27, 2026 Order to Show Cause. Thus, the Court recommends dismissal of Defendant TransUnion LLC for failure to prosecute.

## I. LEGAL STANDARDS

Involuntary Dismissals under Rule 41(b)

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendant(s);
(4) the availability of less drastic alternatives; and
(5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

Dismissals under Rule 4(m) for Failure to Serve

Rule 4(m) of the Federal Rules of Civil Procedure states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Related factors exist for dismissals for insufficient service of process: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

## II. DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant TransUnion LLC is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, after summons was returned unexecuted as to Defendant TransUnion LLC, Plaintiff was ordered to submit a revised USM-285 to the United States Marshal to effect service of process on Defendant TransUnion LLC and to file a statement of compliance.

9/29/2026 Order. Plaintiff missed the Court's October 16, 2026 deadline to do so and was given an opportunity to explain this failure or file a statement and copy of the revised USM-285 form in compliance with the Court's September 29, 2026 Order. 10/27/2026 Order to Show Cause. Despite this, Plaintiff has failed to respond to the order to show cause or indicate her compliance with the Court's orders to effect service on Defendant TransUnion LLC. Accordingly, the Court has little alternative but to recommend dismissal as to Defendant TransUnion LLC.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

The factors for dismissals for insufficient service of process also warrant dismissal. *See In re Sheehan*, 253 F.3d at 512. Defendant TransUnion LLC has not been served and has not participated in this action. While the risk of prejudice to Defendant is somewhat minimal as discussed above, Plaintiff would suffer no prejudice from dismissal, as it is Plaintiff's lack of action in her own case that is prompting dismissal.

Therefore, after careful consideration, the Court concludes dismissal as to Defendant TransUnion LLC for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); *see also, e.g., Rowell v. Ewing Bros. Towing Co.*, 471 Fed. Appx. 597, 599 (9th Cir. 2012) ("The district court did not abuse its discretion in dismissing [plaintiff's] claims against [defendant] for failure to serve, because [plaintiff] did not show good cause for why he did not take steps to correct deficiencies in service once [defendant] notified him that it had not been properly served.").

## III. CONCLUSION

Based on the findings above, IT IS HEREBY RECOMMENDED that Plaintiff's action be DISMISSED as to Defendant TransUnion LLC only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, chap.1184.26